Ford & Harrison LLP
Jason Shon (SBN 306198)
JShon@fordharrison.com
350 South Grand Avenue, Suite 2300
Los Angeles, California 90071
Telephone: 213-237-2400
Facsimile: 213-237-2401

Attorneys for Petitioner
MOTT'S LLP d/b/a KEURIG DR PEPPER

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOTT'S LLP d/b/a KEURIG DR PEPPER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>TEAMSTERS LOCAL UNION NO. 896,<br><br>　　　　Respondent. | Case No. 5:25-cv-00423<br><br>**PETITION TO VACATE ARBITRATION AWARD** |

Petitioner, Mott's LLP d/b/a Keurig Dr Pepper ("Mott's") hereby alleges and complains against Respondent, Teamsters Local Union No. 896 ("Union") as follows:

## INTRODUCTION

1. By this Petition and the accompanying Motion to Vacate Arbitration Award ("Motion"), incorporated herein by reference, Mott's seeks an order vacating a November 20, 2024, arbitration award issued by Arbitrator Guy Z. Prihar on a dispute submitted by the Union pursuant to the grievance and arbitration provisions of the Parties' collective bargaining agreement. Mott's brings this Petition and the accompanying Motion under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 as amended ("LMRA"), the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 10 and 12, and the California Arbitration Act ("CAA"), California Code of Civil Procedure section 1285, *et seq*.

## PARTIES

2. Mott's is a Delaware corporation, headquartered in Frisco, Texas, involved primarily in producing apple-based products, particularly juices and sauces. Mott's facility in Victorville, California is a large-scale production facility for various brands owned, licensed, manufactured, and/or distributed by Mott's parent company, Keurig Dr Pepper Inc.

3. The Union, Teamsters Local Union No. 896, is a recognized labor organization that represents a group of employees working at Mott's Victorville, California facility.

## JURISDICTION AND VENUE

4. The This Court has subject matter jurisdiction over this matter under Section 301 of the LMRA and 28 U.S.C. §§ 1331 and 1337. Venue is proper because the Union's officers or agents are engaged in representing or acting for employee members within the geographical boundaries of the United States District Court for the Central District of California, and the arbitration award at issue was

1   made within the geographical boundaries of the United States District Court for the
2   Central District of California. 29 U.S.C. § 185(a), (c); 9 U.S.C. § 10(a).

## TIMELINESS

5.   The Petition and accompanying Motion are timely because they were filed and served within three months and within 100 days of the arbitration award at issue. *See* 9 U.S.C. § 12 (notice of motion to vacate award under FAA must be served within three months after the award is filed or delivered); Cal. Civ. Proc. Code § 1288 (petition to vacate award under CAA must be filed and served within 100 days of service of a signed copy of award); *San Diego County District Council of Carpenters of Untied Brotherhood of Carpenters & Joiners of America v. Cory*, 985 F.2d 1137, 1139 (9th Cir. 1982) (CAA's 100-day limitation period applies to petitions under LMRA because the LMRA does not contain a separate limitations period).

## FACTUAL ALLEGATIONS

6.   Mott's and the Union are parties to a collective bargaining agreement ("CBA") that governs the wages, hours, and other terms and conditions of employment for a group of employees working at Mott's Victorville, California facility. A true and correct copy of the CBA, effective from July 20, 2022, through April 1, 2025, is attached hereto as EXHIBIT A.

7.   On January 24, 2024, the Union filed a grievance challenging Mott's authority to amend its company policy providing paid sick time to employees at its Victorville, California facility.

8.   Motts and the Union were unable to resolve the grievance, and the Union advanced the dispute to arbitration. Thereafter, the Parties selected Guy Z. Prihar to serve as the arbitrator to preside over the dispute.

9.   On September 12, 2024, the Parties held an arbitration hearing to address the dispute raised in the grievance and submitted their respectively entered exhibits upon summation of the proceedings.

(a) A true and correct copy of the transcript from the underlying arbitration proceeding is attached hereto as EXHIBIT C;

(b) A true and correct copy of Mott's Sick Time Policy for California Employees, effective January 1, 2021, which was entered as an exhibit in the underlying arbitration proceeding, is attached hereto as EXHIBIT D; and

(c) A true and correct copy of Mott's Sick Time Policy for California Employees, effective January 1, 2024, which was entered as an exhibit in the underlying arbitration proceeding, is attached hereto as EXHIBIT B.

10. On November 20, 2024, Arbitrator Guy Z. Prihar issued his Opinion and Award (the "Award"). A true and correct copy of the Award is attached hereto as EXHIBIT E.

11. In his Award, Arbitrator Prihar erroneously found that Mott's "violated the terms of the CBA when it changed its sick leave policy in 2024" and, further, that "bargaining unit members shall be entitled to any contractual benefits they would have received but for [Mott's] denial of accrual of paid sick time under the 2024 Policy." (Ex. E, p. 9).

12. As evidenced by the Award, Arbitrator Prihar exceeded the scope of his authority under Article 26, Section 7, of the CBA.

## GROUNDS FOR RELIEF

13. As set forth in further detail in the accompanying Motion, the Court should vacate the arbitration award because it fails to draw its essence from the CBA.

14. Arbitrator Prihar exceeded his authority under Article 26, Section 7 of the CBA by: (a) failing to confine his decision to an interpretation and application of the express provisions of the CBA; and (b) altering the terms and conditions of the CBA. As such, the award fails to draw its essence from the CBA and should be vacated.

## **PRAYER FOR RELIEF**

WHEREFORE, Mott's prays for judgment as follows:

1. That the November 20, 2024, arbitration Award be vacated;

2. That Mott's be awarded its reasonable costs and attorneys' fees incurred in bringing this Petition to Vacate; and

3. That Mott's be awarded such other and further relief as Court may deem appropriate and proper.

Dated: February 14, 2025         FORD & HARRISON LLP

By: */s/ Jason Shon*
     Jason Shon

Attorneys for Petitioner
MOTT'S LLP d/b/a KEURIG DR PEPPER